PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH OATES,

        Plaintiff,

  -v-                                        21-CV-6649 CJS
                                                  ORDER
C.O. K. FRADETTE, C.O. J. BENJAMIN,
and C.O. Z. PIPE

        Defendants.
_____

*Pro se* Plaintiff Joseph Oates is currently incarcerated at the Five Points Correctional Facility ("Five Points"). He filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the Constitution when they removed his property, including religious material, from his cell while he was in quarantine. Docket Item 1 ("Complaint"). Plaintiff has paid the filing fee. The Court has conducted an initial review of Plaintiff's claims, as required under 28 U.S.C. § 1915A(b). For the reasons discussed below, the Complaint is dismissed with leave to amend.

## **DISCUSSION**

**I.**     **Legal Standard**

Under 28 U.S.C. § 1915A(a), this Court must screen this Complaint. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or

1

employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and

(2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of respondeat superior is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks omitted).

## II.      Plaintiffs' Allegations[1]

The factual allegations of the Complaint are that, between October 26 and November 11, 2020, Defendants Fradette, Benjamin and Pipe removed Plaintiff's property from his cell, including "religious scriptures," photos of his family, clothing and many other personal items. Docket Item 1 at 5, 12. Plaintiff's cellmate collected the items at Defendants' direction. Id. at 12. This was in violation of a prison policy that the property of inmates held in quarantine is supposed to remain in the inmate's cell. *Id*. at 23. The

---

[1] The recitation of facts is drawn from the Complaint, the contents of which must be accepted as true for purposes of initial review under 28 U.S.C. § 1915A(b). *See Erickson*, 551 U.S. at 93-94.

removed property was sent to Plaintiff in quarantine, but "most of the items that were sent to [him] were missing," including religious items. *Id*. at 24.[2]  Plaintiff alleges a violation of his rights under the First Amendment. *Id*. at 3.

## III. Analysis

### A. Religious Claims

Plaintiff alleges that among the items removed from his cell in violation of quarantine policy were "religious scriptures," and that these were lost in violation of his rights under the First Amendment. Docket Item 1 at 3-5.[3]  "[T]he Free Exercise Clause [of the First Amendment], requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). "Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause." *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003). "Balanced against the constitutional protections afforded prison inmates, including the right to free exercise of religion, however, are the interests of prison officials charged with complex duties arising from administration of the penal system." *Id.* (alterations omitted) (quoting *Benjamin v.*

---

[2] "[T]he court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself." *Chance v. Armstrong*, 143 F.3d 698, 698 n.1 (2d Cir. 1998); *see Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference"); *see also Cooper v. Dennison*, 2011 WL 1118685, at *1 (W.D.N.Y., March 24, 2011) (Siragusa, D.J.) ("Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.") (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotation marks omitted)).

[3] An inmate's allegation that a prison rule/state statute has been violated does not, without more, state a constitutional claim. *See Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995); *Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir.).  *See Concourse Rehab. & Nursing Center, Inc. v. DeBuono*, 179 F.3d 38, 43 (2d Cir. 1999) ("As we repeatedly have explained, the failure of a State authority to comply with State regulations cannot alone give rise to a § 1983 cause of action"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) ("[A] state authority's failure to comply with its own statutory regulations does not facially implicate an interest secured by the laws of the United States in order to assert a § 1983 claim").

*Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990)).  A prisoner's free exercise claim is "judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *Id.* (quoting *Farid v. Smith*, 850 F.2d 917, 925 (2d Cir. 1988)).  A prison "regulation [challenged under the First Amendment] that burdens a protected right passes constitutional muster 'if it is reasonably related to legitimate penological interests.'"  *Salahuddin v. Goord*, 467 F.3d 263, 274 (2d Cir. 2006) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)).

To state a plausible free exercise claim, "[t]he prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Id*. at 274–75 & n.5[4] *see also Kole v. Lappin*, 551 F. Supp. 2d 149, 154 (D. Conn. 2008) (inmate must show that disputed policy substantially burdens sincerely held religious beliefs). "[A]n individual . . . need only demonstrate that the beliefs professed are sincerely held and in the individual's own scheme of things, religious." *Ford*, 352 F.3d at 588 (alteration and internal quotation marks omitted).  "Once [a] plaintiff establishes this burden, the defendants then bear the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct."  *Smith v. Perlman*, No. 11-CV-20 (MAD/DRH), 2012 WL 929848, at *7 (N.D.N.Y. Mar. 19, 2012) (alteration and internal quotation marks omitted).  The burden then shifts to the inmate "to show that these

---

[4] Whether the substantial burden standard remains good law after the Supreme Court's decision in *Emp't Div. v. Smith,* 494 U.S. 872, 887 (1990), is still undecided in the Second Circuit.  *See Holland v. Goord*, 758 F.3d 215, 220 (2d Cir. 2014); *cf. Williams v. Morton*, 343 F.3d 212, 217 (3d Cir. 2003) (declining to apply substantial burden test).  "Nevertheless, district courts in this Circuit continue to apply the substantial burden test in analyzing free exercise claims."  *Wright v. Bibens*, CASE NO. 3:17-cv-1917 (MPS), 2018 WL 5724009, at *4 (D. Conn. Nov. 1, 2018) (citing *Jones v. Annucci*, No. 16-CV-3516 (KMK), 2018 WL 910594, * *13-14 & n.8 (S.D.N.Y. Feb. 14, 2018) (applying substantial burden test to inmate's claim that prison officials prohibited him from attending religious services.)  This Court will thus proceed under the assumption that the substantial burden test is still valid.  *See Wells v. McKoy*, 1:16-CV-00113 EAW, 2018 WL 6833665, at *6 n.5 (W.D.N.Y. Dec. 27, 2018) (Wolford, J.) (applying substantial burden test).

articulated concerns were irrational." *Salahuddin*, 467 F.3d at 275 (alteration and internal quotation marks omitted).  "An individualized decision to deny a prisoner the ability to engage in religious exercise is analyzed in the same way as a prison regulation denying such exercise."  *Id.* at 276 n.4 (citing *Ford,* 352 F.3d at 595 n.15).

Here Plaintiff alleges that 15 categories of personal effects were moved, contrary to prison policy for quarantined inmates, and that some of these items, including religious scriptures[5], have not been located.  See Docket Item 1 at 12.  Plaintiff has not plausibly alleged that the religious scriptures were confiscated.  *See, e.g., Joseph v. Fischer*, 900 F. Supp. 2d 320, 328 (W.D.N.Y. 2012) (motion to dismiss denied because defendant's confiscation of religious items may have "unjustifiably burdened plaintiff's religious exercise").  Rather, Plaintiff's belongings were generally removed from his cell with the intent that they be given to him, but many items were apparently lost.

Further, Plaintiff has not plausibly alleged that his sincerely held beliefs were substantially burdened.  To plausibly allege a substantial burden, Plaintiff must demonstrate that the wrongful conduct pressured him to commit an act forbidden by his religion or prevented him from "having a religious experience mandated by his faith." *Sanchez v. Shanley*, 20-CV-0648 (GTS/ML), 2020 WL 6440272, at *3 (N.D.N.Y. Nov. 3, 2020) (quoting *Booker v. Maly*, 12-CV-246 (NAM/ATB), 2014 WL 1289579, at *1 (N.D.N.Y. Mar. 31, 2014), *aff'd*, 590 F. App'x 82 (2d Cir. 2015)).  Plaintiff does not plausibly allege that the missing papers prevented him from having a religious experience mandated by his faith.  *Id*.

---

[5] Described as "religious lessons" by the cellmate who collected Plaintiff's belongings.  Docket Item 1 at 12.

Plaintiff's First Amendment claims are thus subject to dismissal. Leave to amend is granted. *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("[S]parse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed. R. Civ. P. 15(a)(2) ("court should freely give leave when justice so requires").

### a. Due Process Claims

The Court generously construes Plaintiff's allegations to raise a claim that the removal and apparent loss of his property violated his Fourteenth Amendment right to due process. "It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted). It has long been held that:

> an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984). New York provides such a remedy in § 9 of the New York Court of Claims Act. "A prisoner's due process rights are not violated by the unauthorized destruction or damage of property by the state, if 'the state makes available a meaningful postdeprivation remedy.'" *Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (quoting *Hudson*, 468 U.S. at 531). Assuming that Plaintiff was deprived of property within the meaning of the Fourteenth Amendment, the deprivation was not without due process of law because New York provides an adequate post-deprivation remedy. *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983). Plaintiff thus has an

7

adequate remedy under state law and the claims regarding the conversion of Plaintiff's property are hereby dismissed with leave to amend.

## CONCLUSION

For the reasons stated above, Plaintiff's claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915A unless he files an amended complaint within **45 days** of entry of this Order in which he includes the necessary allegations, only as indicated above, in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint would **completely replace** the Complaint in this action and "render[] it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp*, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, an amended complaint must include all allegations against Defendants so that it stands alone as the only complaint to be answered.

## ORDER

IT HEREBY IS ORDERED that Plaintiff is granted leave to file an amended complaint only as directed above within **45 days** of the date of this Order;

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this Order a copy of the Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that if Plaintiff fails to file an amended complaint as directed above, the Complaint is dismissed with prejudice under 28 U.S.C. § 1915A(a) and the Clerk of Court is directed to close this case without further order;

FURTHER, that in the event the Complaint is dismissed under 28 U.S.C. § 1915A(a), the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE

DATED:   March 7, 2022
         Rochester, NY